UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, also known as Presidential Candidate Number P60005535, also known as Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897, doing business as United Emrits of America, <br><br> Plaintiff, <br><br> vs. <br><br> TIM WALZ, GOVERNOR OF MINNESOTA; KEITH ELLISON, ATTORNEY GENERAL OF THE STATE OF MINNESOTA; ESTATE OF GEORGE FLOYD; HENNEPIN COUNTY STATE ATTORNEY OFFICE; RAMSEY COUNTY STATE ATTORNEY OFFICE; ILHAN OMAR, CONGRESSWOMAN (D-MINNESOTA); THE CITY OF NEW ULM, MINNESOTA; THE CITY OF ROCHESTER, MINNESOTA; THE LAWLESS NATION OF SOMALIA AND CITY OF MOGADISHU; SOMALI IMMIGRANTS IN MINNESOTA AND MAINE INTERFERING WITH THE LIFESTYLE OF TRUE AMERICANS NOT FROM SOMALIA; AND PIRATES FROM SOMALIA AS IN THE MOVIE CAPTAIN PHILLIPS STARRING TOM HANKS, <br><br> Defendants. | 3:26-CV-03011-ECS <br><br><br> OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Ronald Satish Emrit filed a pro se lawsuit seeking 500 billion dollars for the

"commission of the torts of public nuisance, and tortious interference with policies against

Governor Tim Walz of Minnesota, Minnesota Attorney General Keith Ellison, Estate of George

Floyd, and several other defendants with 'minimum contacts' to the state of Minnesota[.]" Doc. 1 at 2. Emrit also filed a motion for leave to proceed in forma pauperis. Doc. 2.

## I. Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Emrit has filed eight other cases in the District of South Dakota. See Emrit v. Krebs, No. 1:17-CV-01027-CBK (D.S.D. Oct. 12, 2017); Emrit v. The Grammys Awards on CBS, No. 1:24-CV-01001-CCT (D.S.D. Jan. 10, 2024); Emrit v. Jules, No. 3:23-CV-03013-RAL (D.S.D. July 11, 2023); Emrit v. Musk, No. 3:25-CV-03001-RAL (D.S.D. Jan. 10, 2025); Emrit v. Moore, No. 3:25-CV-03014-ECS (D.S.D. July 10, 2025); Emrit v. U.S. Pat. & Trademark Off., No. 3:25-CV-03016-KES (D.S.D. July 10, 2025); Emrit v. Thune, No. 3:25-CV-03015-RAL (D.S.D. July 10, 2025); Emrit v. Obama, No. 3:26-CV-03010-CCT (D.S.D. Mar. 9, 2026). In each case that he has filed in the District of South Dakota, Emrit has moved for leave to proceed in forma pauperis. Seven of his previous cases were dismissed on screening. See The Grammys Awards, No. 1:24-CV-01001-CCT at Doc. 5; Jules, No. 3:23-CV-03013-RAL at Doc. 5 at 8 & n.3 (dismissing complaint on screening and recognizing that Emrit had filed separate lawsuits in 15

2

other districts alleging the same or substantially similar issues); Musk, No. 3:25-CV-03001-RAL at Doc. 13 at 8 & n.2 (dismissing complaint as frivolous and stating that Emrit had filed over a dozen similar lawsuits in other districts alleging the same or substantially similar allegations); Krebs, No. 1:17-CV-1027-CBK at Doc. 19 at 3 (dismissing complaint as patently frivolous and noting that Emrit had filed identical claims in a number of other districts against Secretaries of State and Democratic state parties); U.S. Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 5–7 (dismissing Emrit's complaint as frivolous and for failing to state a claim upon which relief may be granted and noting that Emrit had filed identical complaints is at least 22 other districts); Thune, No. 3:25-CV-03015-RAL at Doc. 16 at 10, 11–12 (dismissing Emrit's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and noting that Emrit had filed identical complaints in at least 2 other districts); Moore, No. 3:25-CV-03014-ECS at Doc. 16 at 8–9 (dismissing Emrit's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and stating that he had filed identical complaints in at least 9 other districts). Emrit's motion to proceed in forma pauperis remains pending in this case and one other case in the District of South Dakota, but a Public Access to Court Electronic Records (PACER) search reveals that Emrit has filed lawsuits in other districts alleging the same or substantially similar claims as those in his other pending case in the District of South Dakota.

"Ronald Satish Emrit, who sometimes styles himself as 'Presidential Candidate Number P60005535,' is a prolific serial filer who has initiated hundreds of federal lawsuits in district courts across the United States[.]" Presidential Candidate Number P60005535 v. U.S. Pat. & Trademark Off., No. 25-CV-721-DWD, 2025 WL 3525455, at *1 (S.D. Ill. Dec. 9, 2025). "The overwhelming majority of these actions have been dismissed *sua sponte* upon § 1915(e)(2) screening as frivolous, for lack of subject-matter jurisdiction, for improper venue, or for failure

3

to state a claim." Id.; see also Emrit v. Snoop Doggy Dogg, No. 3:26-CV-00007, 2026 WL 1021642, at *2 (D. Alaska Apr. 15, 2026) (stating that a search of Emrit's name in the federal judiciary's Public Access to Court Electronic Records (PACER) on March 19, 2026, produced 1,211 results); Emrit v. Prince George's Cnty. Police Dep't, No. CV 25-249, 2025 WL 2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting Emrit's "proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country." (footnote omitted)); Emrit v. Combs, No. 24-CV-0129, 2024 WL 199548, at *5 (E.D. Pa. Jan. 18, 2024) (noting "Emrit's long and disturbing history of abusing the privilege of being granted *in forma pauperis* status in federal courts to pursue frivolous, non-meritorious, and/or repetitive claims for which he has been sanctioned by other courts[]" and "his propensity to file the same case in more than one federal district court."); Emrit v. Combs, No. 1:24-CV-129, 2024 WL 1115450, at *1 (W.D. Mich. Mar. 14, 2024) (stating that Emrit has filed "hundreds of frivolous legal actions" over the last ten years); Emrit v. Cent. Intel. Agency, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[]" and has been "deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." (citation modified)), report and recommendation adopted by 2022 WL 1573175 (N.D. W. Va. May 18, 2022).

Courts have "a duty to deny *in forma pauperis* status to those individuals who have abused the system." In re Sindram, 498 U.S. 177, 180 (1991) (per curiam). Because of Emrit's vexatious and abusive litigation tactics in this district and throughout districts across the United States, this Court has discretion to deny his motion to proceed in forma pauperis even though it

4

appears that he lacks sufficient funds to pay the $405 civil filing fee. See Doc. 2. Judge Schreier recently entered an order directing Emrit to show cause why he should not be enjoined from filing any new lawsuits in the District of South Dakota unless he first obtains court approval, and Emrit's time for responding to the order to show cause has not yet expired. U.S. Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 12. Because Emrit's time to respond to the order to show cause has not expired, this Court will grant Emrit's motion for leave to proceed in forma pauperis, Doc. 2, and screen his complaint under 28 U.S.C. §1915(e)(2).

## II.    1915 Screening

### A.    Factual Background

Emrit alleges that he is an indigent, disabled, and unemployed resident of Nevada and Maryland. Doc. 1 at 3, ¶ 6. In this action, he brings claims against Minnesota Governor Tim Walz, Minnesota Attorney General Keith Ellison, the Estate of George Floyd, the Hennepin County State Attorney Office, the Ramsey County State Attorney Office, Minnesota Congresswoman Ilhan Omar, the City of New Ulm, Minnesota, the City of Rochester, Minnesota, the "Lawless Nation of Somalia and City of Mogadishu[,]" the "Somali Immigrants in Minnesota and Maine Interfering with the Lifestyle of True Americans not from Somalia[,]" and "Pirates from Somalia as in the movie 'Captain Phillips' Starring Tom Hanks[.]" Id. at 3–4, ¶¶ 7–17.

According to Emrit's complaint, he believes that Derek Chauvin,[1] a former Minneapolis police officer, "deserves to have clemency and/or a full presidential pardon under the Eighth Amendment prohibition of cruel and unusual punishment." Id. at 5, ¶ 25. Because Chauvin is in

---

[1] Emrit alleges that Chauvin was investigating George Floyd for alleged counterfeiting of currency. Doc. 1 ¶ 9.

the custody of the Minnesota Department of Corrections, Emrit asserts that the United States Department of Justice should issue a superseding indictment against Chauvin for violating George Floyd's civil rights. Id. at 5, ¶¶ 26, 28. If this occurs, Emrit contends that under the Supremacy Clause, Chauvin would be transferred to the Federal Bureau of Prisons, which would give the federal government jurisdiction to "issue a full presidential pardon or commutation of sentence to Derek Chuavin [sic] who has suffered enough involving the Eighth Amendment Prohibition of Cruel and Unusual Punishment." Id. at 5 ¶¶ 28, 29 (emphasis in original omitted).

Emrit's complaint includes four counts, but none of his claims appear to be directed at the named defendants. See id. at 5–6, ¶¶ 30–33. Further, Emrit's claims, as well as his requested relief, are wholly unrelated to his belief that Chauvin is entitled to clemency or a pardon. See id. at 5–7 & ¶¶ 25–29, 30–33. In Count 1 one of his complaint, Emrit appears to be asserting a claim that former President Barack Obama, who is not named as a defendant,[2] is defaming President Donald Trump. Id. at 5, ¶ 30. Emrit alleges that former President Obama is "appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy." Id. Count 2 alleges that former President Obama "has become a public nuisance by trying to remain relevant to the modern-day political conversation." Id. at 6, ¶ 31. In Count 3, Emrit asserts that "companies which feature President Barack Obama (BHO) on their podcasts or through interviews are committing the tort of industrial espionage." Id. at 6, ¶ 32. But Emrit does not name any of the companies as defendants or plausibly allege that the named defendants have anything to do with the alleged

---

[2] Emrit has another case pending in the District of South Dakota, Emrit v. Obama, No. 3:26-CV-03010-CCT (D.S.D. Mar. 9, 2026), in which former President Obama is named as a defendant. In that case, Emrit asserts the same four counts that he has asserted in this case. See id. at Doc. 1 at 5, ¶¶ 27–30.

6

industrial espionage.  Finally, in Count 4, Emrit alleges that "companies which feature President Barack Obama (BHO) on their channel's interviews and/or podcasts are committing the tortious interference with business relations/contracts under the Federal Tort Claims Act (FTCA)."  Id. at 6, ¶ 33.

In his "Prayer for Relief," Emrit seeks punitive, compensatory, treble, actual, presumed, and special damages of $500,000,000,000.  Id. at 7.  He also seeks "expectation, reliance, restitution, incidental, and consequential damages" for tortious interference with business relations.  Id. (emphasis in original omitted).  He requests an injunction enjoining defendants from advertising to him on cable tv broadcasts as well as a declaratory judgment that "advertising with artificial intelligence (AI) and algorithms to spy on consumers for purposes of increasing the company's stock price . . . is an Antitrust violation perhaps involving the misdemeanors of trespass, stalking, harassment, and maybe voyeurism[.]"  Id.

### B.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B).  Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016).  The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint.  Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).  Pro se and civil rights complaints must be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam);

Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."

8

Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting Twombly, 550 U.S. at 556).

### C.    Legal Analysis

The Court takes judicial notice that Emrit filed an identical complaint, along with a motion for leave to proceed in forma pauperis, in the District of North Dakota. See Emrit v. Walz, 1:26-CV-070-DLH-CRH, at Doc. 1-1 (proposed complaint), Doc. 1 (IFP motion) (D.N.D. Mar. 13, 2026). The District of North Dakota concluded that Emrit's

> claims cannot survive review under 28 U.S.C. § 1915(c)(2)(B) as they fail to state a claim and are otherwise frivolous on their face. [Emrit] has asserted no claims against any of the named defendants. Rather, [Emrit] makes fantastical and nonsensical assertions regarding media appearances by former President Obama[] and tortious conduct by unnamed organizations. Without a doubt, these assertions rise to the level of irrationality that requires dismissal.

Emrit v. Walz, No. 1:26-CV-070-DLH-CRH, 2026 WL 1024179, at *2 (D.N.D. Mar. 27, 2026), report and recommendation adopted by 2026 WL 1021540 (D.N.D. Apr. 15, 2026). This Court agrees with the District of North Dakota's analysis of Emrit's claims and concludes that his claims lack merit and are frivolous.

Further, venue is not proper in the District of South Dakota. See 28 U.S.C. § 1391(b). None of the named defendants reside in South Dakota. See generally Doc. 1. Emrit alleges that he resides in Nevada and Maryland. Id. at 3, ¶ 6. None of Emrit's allegations suggest that any part of the events or omissions giving rise to his claims occurred in South Dakota. See generally id.

For these reasons, Emrit's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as frivolous and for failing to state a claim on which relief may be granted.

9

**III.    Order**

Accordingly, it is

ORDERED that Emrit's motion for leave to proceed in forma pauperis, Doc. 2, is

granted.  It is further

ORDERED that Emrit's complaint is dismissed without prejudice under 28 U.S.C.

§§ 1915(e)(2)(B)(i) and (ii).

DATED this 20th day of May, 2026.

BY THE COURT:

_____

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

10